GRANT FOR USE, *vs.* ALABAMA GOLD LIFE INSURANCE COMPANY.

COMPAINT FROM CHATHAM.  Contracts.  Notice.  Insurance.  Pawns.  Evidence. Time.  (Before Judge Adams.)

Jackson, C. J.—1.  Where notice was served on an insurance company, which was defendant in a case, to produce all the records of its dealings in Georgia, and the defendant furnished a transcript of its dealings with the plaintiff under §3517 of the Code, this was sufficient. If the plaintiff was dissatisfied, he had a remedy under §3518, and any entry bearing on the case could have been transcribed; but the furnishing of the transcript stated furnished no ground for a judgment, against the defendant, nor for a judgment *non obstante veredicto* after verdict.

2.  If a policy of life insurance be assigned as collateral security for a loan, whether the assignment be to the company issuing the policy or to a third person, the duty of keeping the collateral alive by paying the premiums required, rests on the insured, and when in defense to a suit on a policy, the company set up that such policy had been assigned to it as a collateral security for a loan, after a verdict for the defendant, this furnished no ground for a judgment *non obstante veredicto*, on behalf of the plaintiff for the amount of premiums paid.

3.  There was no error in admitting interrogatories.

4.  While the custom and usage of an insurance company in giving personal notice to the holder of a life policy as to premiums falling due, became, if not part of the contract, yet such an incident to it or so incorporated in the spirit of the dealings as to require the company to keep it up, or to give notice before substituting therefor notice by mail from another State, yet the insured must act with reasonable diligence, and a delay of six months or more in paying a premium for want of notice was so unreasonable as to show a purpose to abandon the policy and let it lapse, and if a jury should decide otherwise their verdict would not stand.

(a)  Reasonable time in such cases considered.

5.   The principles touching the main issue in this case are as follows:

(a)   In respect to notice, as to all other dealings between parties, custom and usage followed for some time in the intercourse between them, if suddenly changed, is well calculated to operate as a fraud upon those confiding in it, by inducing them not to hold in memory the exact day a thing should be done, because of the habit of the intercourse between the parties for notice to be given of that day.

(b)   The rule should be rigidly applied where the result of not coming up to the exact date works a forfeiture of all past payments, as well as of the entire contract.

(c)   In this State, where life insuance companies deal with the assured for a time sufficient to make it their usage and custom to give notice to the assured of the date when the premiums fall due, and fail to give notice thereof, the policy will not be forfeited, if, within a period so reasonably short as to show an intent to continue his policy, the assured take steps to enquire and pay the premium. Code, §§ 1, subsec. 4, 2070, 2618, 3805 ; 62 Ga., 247; Ala.   Gold Life Ins. Co. *vs.* Garmany (not yet reported) ; 96 U. S , 572; 104 Id., 252 ; 106 Id., 36.

Judgment affirmed.

Charles N. West; N. H. McLaws, for plaintiff in error.

John M. Guerrard, for defendant.